CHARLES A. BRANDA, as Guardian ad Litem for CHERYL A. BRANDA, a Minor, Appellant, v. JOHN ELROY SANFORD, aka REDD FOXX, Respondent.

No. 12627

December 31, 1981                                637 P.2d 1223

*Marquis & Haney,* Las Vegas, for Appellant.

*Wiener, Waldman & Gordon,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant appeals from the trial court's denial of several motions following dismissal of a complaint for slander and intentional infliction of emotional distress against defendant-respondent, Sanford (aka Redd Foxx). NRCP 41(b).[1]

---

[1]NRCP 41(b), in relevant part, provides:

> After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury.

The suit arose out of an incident which occurred at the Silverbird Hotel in Las Vegas on August 20, 1978. Cheryl Branda, then 15 years old, worked as a busgirl at the hotel. That morning, as she performed her duties, she was confronted by Foxx, who verbally accosted her with sexual innuendoes and became verbally abusive when she ignored his remarks. Foxx allegedly began the confrontation by asking Cheryl if her name was "like in cherry." According to Cheryl and the testimony of two other witnesses, Foxx subsequently said or yelled at Cheryl, among other things, that she was a "f--k--g bitch," "f--k--g c--t" and "no lady." He is alleged to have also said that "This is the one I want. This is her." He allegedly screamed at Cheryl causing a number of hotel patrons and employees to watch and listen to the altercation.

During trial, Foxx admitted asking Cheryl if her name was "like in cherry," but denied making the other statements.

Cheryl testified that she suffered severe emotional upset by the incident and suffered physical symptoms of nervous upset, testimony corroborated by her parents. Cheryl and her parents stated that her distress over the incident with Foxx and repercussions with fellow employees caused her to quit her job at the hotel approximately two weeks after the incident.

After plaintiff's case in chief, defendant successfully moved to dismiss pursuant to NRCP 41(b) contending that the statements by Foxx did not constitute slander *per se*. The trial court ruled that the words "cherry" and "bitch" did not imply unchastity and that since the statements were not slanderous *per se,* the absence of a plea, with subsequent proof of special damages, was fatal to appellant's case. Appellant thereafter moved for a new trial or to amend the judgment (to recognize the slander *per se* action and an action for intentional infliction of emotional distress), or in the alternative, for leave to amend the complaint to include a plea of special damages. Appellant's motions were denied. This appeal followed.

Appellant asserts that: the trial court erred in concluding that the complaint failed to show that Foxx's alleged statements were slanderous *per se;* assuming the alleged statements were not slanderous *per se* on their face, the words conveyed an ambiguous meaning, and the trial court therefore erred in its failure to allow the jury to resolve the ambiguity; even if the words do not constitute slander *per se,* the trial court erred in finding that appellant failed to plead and prove special damages; and, the trial court erred in dismissing the case because it failed to recognize that appellant had pled and proved a cause of action for intentional infliction of emotional distress. Finding error in the trial court's dismissal of the complaint, we reverse.

### 1. *Slander Per Se.*

Appellant asserts that the trial court erred in not finding that respondent's words were slanderous *per se* and that, if the meaning was ambiguous, the court erred in not submitting the issue to the jury. Although we cannot say that as a matter of law, the words were slanderous *per se,* we agree that the language was susceptible of a defamatory construction and the jury should have been permitted to resolve the ambiguity.

As a general rule, a slanderous statement, no matter how insulting or defamatory, is not actionable unless actual or "special" damages are proven. Modla v. Parker, 495 P.2d 494 (Ariz.App.), *cert. denied* 409 U.S. 1038 (1972); Kirk v. Village of Hillcrest, 335 N.E.2d 535 (Ill.App. 1975); W. Prosser, Law of Torts, § 112 (4th ed. 1971). A statement is considered slander *per se, i.e.,* actionable without a showing of such special damages, only if it falls into one of usually four categories: (1) imputations that plaintiff has committed a crime; (2) imputations that would injure plaintiff's trade, business or office; (3) imputations that the plaintiff has contracted a loathsome disease; and, the category relevant for our purposes, (4) imputations of unchastity in a woman. *See* Atkinson v. Equitable Life Assur. Soc'y, 519 F.2d 1112 (5th Cir. 1975) (Florida law); Gulf Constr. Co. v. Mott, 442 S.W.2d 778 (Tex.Civ.App. 1969); Restatement (Second) of Torts § 570 (1977).

This court has not squarely addressed the question of imputation of unchastity and slander *per se.* In dicta, however, we have noted that imputing unchastity to a woman is actionable *per se,* consistent with the general rule above. Talbot v. Mack, 41 Nev. 245, 169 P. 25 (1917).

It is generally accepted that for both libel and slander it is a question of law and, therefore, within the province of the court, to determine if a statement is capable of a defamatory construction. Thompson v. Powning, 15 Nev. 195 (1880); R. Sack, *Libel, Slander and Related Problems,* 72 (P.L.I. 1980). If susceptible of different constructions, one of which is defamatory, resolution of the ambiguity is a question of fact for the jury. *Thompson, supra.*

The trial court found that the statements were not slanderous *per se* on the basis of two words; "bitch" and "cherry." Although "bitch" *alone* is generally not regarded as actionable *per se,* Halliday v. Cienkowski, 3 A.2d 372 (Penn. 1939), 13 A.L.R.3d 1286, in the instant case, the words do not exist in

isolation. Cases where "bitch" has been modified by "low-lived" and "whoring" have been held to be at least susceptible of a defamatory construction. Craver v. Norton, 86 N.W. 54 (Iowa 1901); Cameron v. Cameron, 144 S.W. 171 (Mo.App. 1912). There was ample testimony that additional language was used by respondent Foxx, language which could be construed in a defamatory sense.

The trial court was clearly not free to ignore the remaining language in determining whether the words were defamatory. *See* Thomson v. Cash, 402 A.2d 651 (N.H. 1979); *Prosser, supra,* § 111. That language was favorable to appellant's position, and a trial judge ruling on a motion to dismiss "must accord every favorable factual intendment to plaintiff." City Bank & Trust Co. v. Warthen Serv. Co., 91 Nev. 293, 298, 535 P.2d 162, 165 (1975). Reviewing the words and statements in their entirety, we believe that they are susceptible of a defamatory meaning which would impute unchastity, particularly, "you're no lady," "[profanity] shouldn't bother you," and "f--k--g bitch." Of course, the words are equally susceptible to the nondefamatory construction indicated by the trial court— as insults and epithets, rhetoric which is not generally actionable. Raible v. Newsweek, Inc., 341 F.Supp. 804 (W.D.Pa. 1972); Cinquanta v. Burdette, 388 P.2d 779 (Colo. 1964).

Finding the words ambiguous and susceptible of a defamatory construction, we conclude that the trial court erred in not submitting the issue to the jury to determine if the time, place, manner and circumstances surrounding the statement imputed unchastity and if those hearing understood the words in their defamatory sense. *See* Craver v. Norton, *supra.*[2]

---

[2]Appellant contends that assuming the language did not amount to slander *per se,* special damages were proved, if not pled at trial.

Appellant fails to address the requirement that special damages be precisely pleaded. NRCP 9(g). Talbot v. Mack, 41 Nev. 245, 169 P. 25 (1917). Nor would Cheryl's damages testified to at trial (leaving her job, visiting a physician) qualify as special damages in the context of a defamation suit, even if sufficiently pled. Special damages in a defamation action are those which "flow directly from the injury to reputation caused by the defamation; not from the effects of the defamation." *Sack, supra,* at 345. Our review of the complaint and testimony indicates that Cheryl's visit to the doctor and leaving her job were the result of distress at the words spoken, not her loss of reputation. Thus, they were not special damages.

Respondent objected at trial to appellant's (apparently unintentional) introduction of matters thought to be evidence of special damages. The court sustained the objection on the basis that special damages had not

## 2. Infliction of Emotional Distress.

Appellant contends that the trial judge should not have dismissed the complaint in its entirety because an additional cause of action—intentional infliction of emotional distress—was pled and pursued at trial. Respondent counters that the tort was only first noted in appellant's motions following dismissal and, therefore, is inappropriately raised for the first time on appeal. While it is true that appellant first expressly labeled the tort in the motion to amend the judgment or motion for a new trial, the record indicates that the second tort was pled and sufficiently proven at trial, and formed a legitimate basis for appellant's motion for a new trial.

We recently explicitly recognized that liability can flow from intentional infliction of emotional distress. Star v. Rabello, 97 Nev. 124, 625 P.2d 90 (1981). There, we stated the elements of a prima facie case to be: (1) extreme and outrageous conduct by the defendant; (2) intent to cause emotional distress or reckless disregard as to the probability; (3) severe emotional distress; and (4) actual and proximate causation of the emotional distress. *Id.*, citing Cervantes v. J. C. Penney, Inc., 595 P.2d 975 (Cal. 1979).

Clearly, the emphasis in appellant's complaint is on the action for slander. Nonetheless, because we are a "notice pleading" jurisdiction (NRCP 8), under which "pleadings are to be construed liberally so as to do substantial justice" (C. Wright, *Law of Federal Courts,* § 68 (3rd ed. 1976); *see also* Taylor v. State, 73 Nev. 151, 311 P.2d 733 (1957)), we believe that appellant has set forth sufficient allegations to give respondent adequate notice of the nature of the claim and relief sought—the purpose of a complaint under notice pleading statutes. *See* Chavez v. Robberson Steel Co., 94 Nev. 597, 584 P.2d 159 (1978); *Wright, supra.* "Extreme and outrageous" conduct is alleged, the acts of respondent are described with sufficient clarity, causation is at least obliquely referred to, "malicious intent" is averred, and severe emotional distress is alleged ("hysterical and nervous . . . nightmares, great nervousness and bodily illness and injury").

---

been pled. Thus, appellant's motion to amend the complaint subsequent to dismissal (NRCP 15 (b)), was precluded since that rule only allows amendments to conform to proof if the issues have been tried with the consent of all parties.

We express no opinion as to whether appellant could properly amend her complaint to include a plea of special damages on remand.

Thus, respondent's argument that appellant has raised this tort for the first time on appeal is without merit; marginally adequate notice was given respondent of the basis of the claim for relief. A cause of action for intentional infliction of emotional distress was pled and *prima facie* proof given at trial. The jury was entitled to determine, considering prevailing circumstances, contemporary attitudes and Cheryl's own susceptibility, whether the conduct in question constituted extreme outrage. *See* Contreras v. Crown Zellerbach Corp., 565 P.2d 1173 (Wash. 1977). The district court also erred in dismissing this cause of action.

We reverse the trial court's order denying plaintiff's motion for a new trial after dismissing appellant's complaint for slander and intentional infliction of emotional distress. The cause is remanded for a new trial.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.

---

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19(1)(c).