Anita RIGGS and William Riggs,
individually and as Husband
and Wife, Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT,
Manson G. Barry, individually, Leonard
Paul, individually, and Mario Gatto, in-
dividually. Defendants.

No. CV–S–97–01614–DWH(LRL).

United States District Court,
D. Nevada.

Sept. 22, 1998.

Sheldon M. Markel, Las Vegas, NV, for Anita Riggs, William Riggs.

C.W. Hoffman, Jr., Office of the General Counsel, Las Vegas, NV, for Clark Co. School District, Mario Gatto, Leonard Paul.

John R. Bailey, Robert P. Spretnak, Lionel, Sawyer & Collins, Las Vegas, NV, for Manson G. Barry.

### ORDER

HAGEN, District Judge.

Before the court is defendants Clark County School District, Leonard Paul, and Mario Gatto's motion (# 9) to dismiss plaintiffs' defamation claim for failure to state a claim upon which relief may be granted. Defendant Manson Barry has joined this motion (# 6). Plaintiffs filed a motion (# 11) in Opposition to the Defendants' Motion to Dismiss the Defamation Claim. In response, defendants filed a Reply (# 13) to Plaintiffs' Opposition to Motion to Dismiss Defamation Claim.

### I. *Factual Background*

On March 21, 1997, plaintiff Anita Riggs was discharged from her position as Virgin Valley High School's volleyball coach. Plaintiff alleges that on this same day and at various times thereafter, parents of students at Virgin Valley High School inquired as to why plaintiff was terminated as coach. See Defendants' Motion (# 9) at 2. The defendants' official response (See Opp. (# 11) at 7) stated words to the effect:

"That Plaintiff Riggs was being replaced for the betterment of the program." (Complaint, 19:13, LXXV);

"When it comes out in the open and if you parents still want her as the volleyball coach, I will be very disappointed in the community." (Complaint, 19:25, LXXVII); "When it all comes out in the open, you parents would not want her (Riggs) as volleyball coach." (Complaint, 20:5, LXXVIII).

Plaintiff alleges that these comments are defamatory and entitle her to relief. Defendants disagree and believe these comments are nonactionable, evaluative opinions and are not susceptible to any defamatory construction. Thus, defendants argue, as a matter of law, this portion of the complaint fails to state a cause of action upon which relief may be granted.

### II. *Analysis*

#### A. Motion to Dismiss Standard

In considering a motion to dismiss, all material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980). The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice, see *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir.1987), that are conclusory or mere legal conclusions, that are unwarranted deductions of fact or unreasonable inferences, see *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), that are contradicted by documents referred to in the complaint, see *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), or that are internally inconsistent, *Response Oncology, Inc. v. Metrahealth Ins. Co.,* 978 F.Supp. 1052, 1058 (S.D.Fla.1997).

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the legal sufficiency of the complaint. *North Star Inter'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). If the motion is to be granted, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Rae v. Union Bank,* 725 F.2d 478, 479 (9th Cir.1984). Moreover, a motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead, whether the plaintiff ·has

properly stated a claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## B. Defamation

 "In order to create liability for defamation there must be: a) a false and defamatory statement concerning another; b) an unprivileged publication to a third party; c) fault amounting to at least negligence on the part of the publisher; and d) either actionability of the statement irrespective of special harm, or the existence of special harm caused by the publication."[1] *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 483, 851 P.2d 459 (1993); Restatement (Second) of Torts, § 558 (1977). "To prevail on a defamation claim, a party must show publication of a false statement of fact, as opposed to opinion." *Posadas v. City of Reno,* 109 Nev. 448, 453, 851 P.2d 438 citing *Wellman v. Fox,* 108 Nev. 83, 86, 825 P.2d 208, 210, *cert. denied* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 34 (1992); *K–Mart Corporation v. Washington,* 109 Nev. 1180, 1191, 866 P.2d 274, 281 (1993). Although, while pure opinions are protected by the First Amendment, a statement that may imply a false assertion of fact is actionable. *Milkovich v. Lorain Journal* Co., 497 U.S. 1, 19, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990).

Plaintiffs argue that the statements made by the defendants are not given in the form of an opinion, but rather in the framework of fact. See Opp. (# 11) at 7. Plaintiff contends, "[i]t was stated as fact that the community would not want Riggs as a volleyball coach when it all came out in the open." *Id.* Moreover, plaintiff argues, "[t]his was a completely false statement made to justify ... [an] unfavorable decision to fire a popular coach..." *Id.* Therefore, plaintiff claims she was defamed in her position as a volleyball

coach. *Id.* However, defendants argue their comments are nonactionable, evaluative opinions and are not susceptible to a defamatory construction. See Motion (# 9) at 3.

The issue facing this court is whether the defendants' statements were nonactionable, evaluative opinions or assertions of fact which are susceptible to a defamatory construction. As outlined below, the court finds that two of the three statements made by the defendants are actionable, since they may imply false assertions of facts, rendering them susceptible to a defamatory construction. Nevertheless, the Nevada Supreme Court in *Branda v. Sanford,* 97 Nev. 643, 646, 637 P.2d 1223 (1981) reasoned, " [i]t is generally accepted that for both libel and slander it is a question of law and therefore, within the province of the court to determine if a statement is capable of a defamatory construction. If susceptible of different constructions, one of which is defamatory, resolution of the ambiguity is a question of fact for the jury." *Id.;* See *Churchill v. Barach,* 863 F.Supp. 1266, 1274 (D.Nev.1994); *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 484, 851 P.2d 459, 463 (1993) citing *Branda v. Sanford,* 97 Nev. 643, 646, 637 P.2d 1223, 1225 (1981). Therefore, the court denies Defendants' Motion to Dismiss (# 9).

## I. Fact v. Opinion

 "It is well established that statements are libelous only if they are presented as fact rather than opinion, and only if the facts asserted are false." *Churchill v. Barach,* 863 F.Supp. 1266, 1274 (D.Nev.1994) citing *Wellman v. Fox,* 108 Nev. 83, 825 P.2d 208, 210, *cert. denied,* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 34 (1992). Therefore, "[s]eparating factual statements[2] from opinions[3] is a critical issue in defamation cases." *Nevada Ind. Broadcasting Corp. v. Allen,* 99 Nev. 404, 410–11, 664 P.2d 337 (1983). However,

---

1. For the purposes of this Motion to Dismiss, the court needs only to consider the first element and reserves judgment on the rest.

2. A factual statement relates to an event or state of affairs that existed in the past or present and is capable of being known. 8 Stuart M. Speiser et al., *The American Law of Torts* s29:42 (1991); See generally *Ballentines's Law Dictionary* (3d Ed.1969).

3. A pure opinion occurs whenever the facts on which the opinion is based are stated or are otherwise known or available to all parties to the communication. Bruce W. Sanford, *Libel and Privacy* 146 (2nd ed.). In one instance, the commentator presents the facts and then offers comments. *Id.* In another, the facts are known or assumed by both parties but are not published with the opinion. *Id.*

such distinctions are not simple.[4] A major difficulty in defamation cases arise when the comment is neither pure fact nor pure opinion. *Id.* The statement may be a "mixed type," which is an opinion which gives rise to the inference that the source has based the opinion on underlying, undisclosed defamatory facts.[5] *Id.*

The Ninth Circuit in *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783 (9th Cir.1980) has outlined two factors which should be weighed in determining whether a publication constitutes a statement of fact or a statement of opinion. The court concluded that in order to ascertain whether an allegedly defamatory statement constitutes an actionable statement of fact, the court must examine all the words used, not merely a particular phrase or sentence. Furthermore, all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published should be analyzed.

In its application of the first factor, the court must examine each statement in its entirety and conduct, in essence, a literary analysis. The defendants' first statement was: "That plaintiff was being replaced for the betterment of the program." (Complaint, 19:13, LXXV). Defendants' argue this statement is an opinion since "betterment" is a relative term and incapable of being conclusively demonstrated. See Reply (# 13) at 3. The court agrees with defendants' analysis and finds this statement does not assert fact, but rather pure opinion.

However, the court draws a different conclusion on the defendants' next two statements: "When it comes out in the open and if you parents still want her as the volleyball coach, I will be very disappointed in the community." (Complaint, 19:25, LXXVII) and "When it all comes out in the open, you parents would not want her (Riggs) as volleyball coach." (Complaint, 20:5, LXXVIII). Defendants argue these statements are opinions, since "disappointment" is a personal feeling, and the "community's beliefs" about the propriety of replacing a coach are also incapable of being conclusively demonstrated. See Reply (# 13) at 3. The court finds merit in this argument as well, however, the defendants' analysis falls short. The defendants correctly analyzed the second clause of both statements but neglected to discuss each first clause, "When it comes out in the open..." and "When it all comes out in the open..." These two clauses are critical in determining whether the statements are factual in nature and susceptible to a defamatory construction. After examining these two beginning clauses, the court concludes that the defendants' selection of words transforms what appears to be a pure opinion into a "mixed type" of statement. In the first clause of statements two and three, the defendants chose to use the word "it" as a fact substitute, instead of revealing the specific facts upon which they truly based their opinion. By using a vague, nondescript word such as "it," a concerned Virgin Valley parent is left no alternative but to draw his/her own independent interpretation and conclusion as to what facts the defendants derived their opinion. For that reason, the opinion loses its protection and the statement becomes actionable.[6]

---

4. The distinction between fact and opinion is often a close one, with some statements containing elements of both. *Wellman v. Fox*, 108 Nev. 83, 87, 825 P.2d 208, 211, *cert. denied* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 34 (1992) citing *Nevada Ind. Broadcasting v. Allen*, 99 Nev. 404, 411, 664 P.2d 337, 342 (1983).

5. For example, it may be actionable to state an opinion that plaintiff is a thief, if the statement is made in such a way as to imply the existence of information which would prove plaintiff to be a thief. For a distinction between pure and mixed opinion, the Restatement (Second) of Torts states, "[l]iability arises for the expression of a

derogatory opinion if the facts are not stated and if the opinion can reasonably be taken to imply the existence of defamatory facts." Sanford, *Libel and Privacy* 148 (2nd ed.).

6. The Ninth Circuit agrees with the other Courts of Appeal who have held that when an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment. *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir.1995). However, when the facts are undisclosed and the individual has

This rationale of examining a statement in its entirety, is supported by the Nevada Supreme Court's decision in *Nevada Ind. Broadcasting Corp. v. Allen,* 99 Nev. 404, 664 P.2d 337 (1983) where the alleged defamatory statement was "If the candidate doesn't pay his political bills, what is he going to do with state money?" The court found the remark to be susceptible of a statement of defamatory fact, because the first clause of the remark implies that the candidate did not pay his political bills. The court also held that regardless of whether the second clause is opinion or speculation, the first clause is a factual statement and would be actionable under the Restatement. *Id.* at 411, 664 P.2d 337.

 Furthermore, as the defendants point out, the Ninth Circuit in *Churchill v. Barach,* 863 F.Supp. 1266, 1274 (D.Nev.1994) recognized that Nevada has identified an "evaluative opinion" as one which "involves a value judgment based on true information disclosed to or known by the public." See Motion (# 9) at 4. In *Churchill,* a customer was complaining about the activities of an airline employee. The customer had written a letter, basically stating that in her opinion she was surprised that it would take a passenger's insistence to get the issue resolved and that the plaintiff should not be permitted to work the desk. The customer further stated that she found plaintiff to be rigid, uninformed, incompetent and unhelpful at best. The *Churchill* court found these to be "evaluative opinions." Unlike the defendant in *Churchill,* who disclosed the factual predicate for her opinion, here, the defendants' second and third statements were not truly evaluative because the information upon which they based their opinions were not disclosed to or known by either Virgin Valley parents or the community. If anything, as will be demonstrated by the court below, their nondisclosure was misleading, due to underlying circumstances surrounding Plaintiff's termination.

In addition, the Nevada Supreme Court in *Branda v. Sanford* clearly stated, "[t]he trial

court was clearly not free to ignore the remaining language in determining whether the words were defamatory." Especially if "[t]hat language was favorable to [plaintiff's] position and a trial judge ruling on a motion to dismiss 'must accord every favorable factual intendment to plaintiff.' " 97 Nev. 643, 647, 637 P.2d 1223 (1981) citing *City Bank & Trust Co. v. Warthen Serv. Co.,* 91 Nev. 293, 298, 535 P.2d 162, 165 (1975). As this court has illustrated above, the Defendants' neglected to discuss the first clause of statements two and three. This court will not do the same. Each of these beginning clauses weigh in favor of the plaintiff and the court concludes that when the defendants' statements are examined in their entirety, they are of the "mixed type" which are susceptible of a defamatory construction.

 In its application of the second factor, the court must consider all of the circumstances surrounding the statements, including the medium by which the statements are disseminated and the audience to which they are published. As the Ninth Circuit has written, "[t]he words alone are not determinative; the facts surrounding the publication must also be considered." *Information Control Corp. v. Genesis One Computer Corp.,* 611 F.2d 781, 784 (9th Cir.1980). Moreover, the Nevada Supreme Court in *Posadas v. City of Reno* concluded that the "[r]eview of an action involving libel must examine the context in which the statements are made to determine 'whether they are of a character which the First Amendment protects.' " 109 Nev. 448, 453, 851 P.2d 438 citing *Wellman v. Fox,* 108 Nev. 83, 87, 825 P.2d 208, 211, *cert. denied* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 34 (1992); See *Unelko v. Rooney,* 912 F.2d 1049, 1053–54 (9th Cir. 1990) ("we examine the statement in its totality in the context in which it was uttered or published"); *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 484, 851 P.2d 459 (1993) (words must be viewed in their context to determine whether they are susceptible to a defamatory meaning). Furthermore, when a court is examining "an utterance, publication or the

to draw his own interpretation of the facts, that opinion loses the traditional constitutional safe-

guards.

like, insofar as construction of the language of the purporting offending statement is concerned, that language should not be interpreted by extremes, but should be construed as the average or common mind would naturally understand it." *Barger v. Playboy Enterprises, Inc.*, 564 F.Supp. 1151, 1154, *aff'd* 732 F.2d 163 (9th Cir.1984), *cert. denied* 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984). A reasonable, plain understanding by the listener, reader, or viewer is the test. *Id.*

■ Plaintiffs argue they are entitled to prove the circumstances under which the statements were made because it increases the likelihood of their defamatory nature. See Opp. (# 11) at 9. The court agrees with plaintiff's assertion and as part of its analysis, must consider the context in which the statements were made, the medium by which the statements were disseminated and the audience to which it was published. The court finds the circumstances under which the defendants' statements were made, contributes to the susceptibility of a defamatory construction. The circumstances surrounding plaintiff's termination as Virgin Valley High School's volleyball coach were as follows. Prior to plaintiff assuming her position as coach of the girl's volleyball team, there had been another coach of a girl's Virgin Valley Community volleyball team who had been convicted and sent to prison for improper actions with regard to the girls under her supervision. At the time of plaintiff's discharge and the release of defendants' statements, this information concerning the former volleyball coach was widely known throughout the small community of Virgin Valley.

As discussed above, the first clause in statements two and three, although factual in nature, left no alternative for a Virgin Valley parent but to draw his/her own independent interpretation and conclusion as to what facts the defendants derived their opinion. Under the existing circumstances, the court finds that conclusion could be defamatory. The court believes that the defendants' use of "it" as a factual substitute, in conjunction with plaintiff's sudden inexplicable discharge could lead certain concerned Virgin Valley parents to believe that plaintiff was guilty of the same or similar acts as the former community coach. Plaintiff was a celebrated coach who led her team to a winning record and the court believes that after her unexpected termination, it is not unreasonable for parents to think the worst considering the past experiences their community has had to face with other girl's volleyball coaches.

At the same time, the medium in which defendants' statements were released also adds to the susceptibility of a defamatory construction. The selection of dissemination, an official statement by the school administration, increases the gravity of each statement, especially when the facts are unclear and the audience consists of concerned parents. Parents entrust a school administration with protecting their children during school hours and while attending school sponsored afterschool activities. Such official statements, which concern the safety of children, fall upon careful ears. Yet, the defendants by innuendo stated the worst. Therefore, when considering the circumstances under which the statements were made, the medium, and the audience, it is evident that these statements are susceptible to a defamatory construction.

In addition to finding defendants' statements susceptible of a defamatory construction, the defendants use of implied assertions of fact as a shield[7] and a sword[8] invites

---

7. Defendants' argue the content of their statements demonstrate Mr. Gatto's caution in not revealing the factual details supporting the reasons for termination of the coaching assignment. See Motion (# 9) at 5. However, the defendants' use of nondisclosure, as a means of protecting their statements, does not absolve them from liability. If anything, it removes the ability of their statements to be pure opinion and even if Mr. Gatto states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. See *Milkovich v. Lorain Journal* Co., 497 U.S. 1, 19, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990)

8. Under the existing circumstances, the court believes the defendants' use of "it" as a factual substitute, in conjunction with plaintiff's sudden inexplicable discharge could lead certain concerned Virgin Valley parents to believe that plaintiff was guilty of the same or similar acts as the former community coach. Furthermore, the

further scrutiny under Ninth Circuit law. The Ninth Circuit in *Partington v. Bugliosi*, 56 F.3d 1147, 1153–54 (9th Cir.1995) adopted the analysis of the United States Supreme Court in *Milkovich v. Lorain Journal* Co., 497 U.S. 1, 19, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990),[9] where the Supreme Court reasoned that by "simply couching such statements in terms of opinion does not dispel [the false, defamatory] implications, because a speaker may still imply a knowledge of facts which could lead to a [defamatory] conclusion."[10] Thus, the Court held while pure opinions are protected by the First Amendment, a statement that may imply a false assertion of fact is actionable. *Id.*

■ The *Milkovich* court created a critical three part test to determine whether a statement may imply a false assertion of fact. As defendants contend, only the third element is relevant to this court's analysis.[11] See Reply (# 13) at 2. The third element is whether the allegedly defamatory clause of a statement is sufficiently factual to be susceptible of being proved true or false. *Id.* at 21, 110 S.Ct. 2695. If so, then the clause is based on fact, not pure opinion, and is actionable. *Id.*

The defendants contend that their statements: plaintiff was replaced for the "betterment of the program"; defendant "would be disappointed" with the community if they disagreed with the decision to replace plaintiff; and that "the community would not want her a coach" are not susceptible of being proved true or false. See Reply (# 13) at 3. Defendants argue these statements were made by plaintiff's supervisors, the school

principal and assistant principal, and are their judgments about what is appropriate for children and what they expect from after-school activities teachers. *Id.* Thus, defendants assert that judgments and expectations cannot be proved as true or false. *Id.*

■ However, once again, defendants choose to focus solely on the second clause of statements two and three and neglect to discuss the first. In *Milkovich,* the Supreme Court relied on two factors in determining whether a statement is sufficiently factual to be susceptible of being proved true or false. First, whether objective evidence could prove the statement true or false and second, whether the defamatory language was an articulation of an objectively verifiable event. *Id.* at 22, 110 S.Ct. 2695; See *Unelko v. Rooney,* 912 F.2d 1049, 1055 (9th Cir.1990) (the statement "It didn't work" is an articulation of an objectively verifiable event); *Partington v. Bugliosi,* 56 F.3d 1147 (9th Cir. 1995) (statement fails test and court determines it to be an opinion).

■ When applying these two factors, this court concludes that defendants second and third statements are susceptible of being proved true or false. In *Milkovich,* the Court found that it could be determined by "a core of objective evidence" that Milkovich had lied. *Milkovich* at 21, 110 S.Ct. 2695. Similarly, in the case at bar, if the defendants were to disclose the actual facts that "it" represents, the court believes that the first clause in statements two and three could be proven true or false by objective evidence as well.

defendants argue they are not legally responsible for defamatory conclusions that the public might suspect unless it has led the public to that conclusion by its statements, that is, it has "implied an assertion of objective fact." See Reply (# 13) at 3–4. The court finds the defendants have accomplished the very thing, they hoped to avoid.

9. The Court rejected the brightline approach of holding that anything cast in the form of an opinion was absolutely protected by the First Amendment and could not serve as the basis for a defamation claim. *Milkovich,* 497 U.S. at 18, 110 S.Ct. at 2705. The Court found the artificial dichotomy between "opinion" and "fact" too simplistic and stated that it never intended to

create a "wholesale defamation exemption for anything that might be labeled opinion." *Id.*

10. *Restatement (Second) of Torts* s566 (1977) ("Expressions of Opinion: A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.")

11. Cf. *Unelko v. Rooney,* 912 F.2d 1049, 1055 (9th Cir.1990) (applying same three factors to find that factfinder could reasonably conclude that television personality Andy Rooney's statements that automobile windshield protectant "didn't work" was an assertion of objective fact).

Likewise, the court finds the allegedly defamatory language is an articulation of an objectively verifiable event. Although defendants argue that each of the defamatory statements alleged in the complaint are unverifiable statements of Mr. Gatto's opinion regarding the quality of plaintiff's performance as volleyball coach, if Mr. Gatto revealed the specific factual basis for defendants' decision to terminate Plaintiff, this would be an articulation of an objectively verifiable event. See Motion (# 9) at 5.

 Given the evidence before it, the court finds that defendants' second and third statements can support a claim for libel under Nevada law. Statements two and three can be classified as "mixed type" of statements, which the Nevada courts have identified and recognized as susceptible to a defamatory construction and resolution of any ambiguity is a question of fact for the jury. See *Branda v. Sanford,* 97 Nev. 643, 646, 637 P.2d 1223, 1225–26 (1981); *Nevada Ind. Broadcasting Corp. v. Allen,* 99 Nev. 404, 410–11, 664 P.2d 337 (1983); See also *Churchill v. Barach,* 863 F.Supp. 1266, 1275 (D.Nev.1994) ("[i]t is reasonable that a determiner and trier of fact would not necessarily draw the inference drawn by the defendant that what was said was presented as opinion"). All of the circumstances surrounding the statement, including the medium by which the statements are disseminated and the audience to which they are published support this court's conclusion.[12]

Furthermore, unlike an "evaluative opinion" which involves a value judgment based on true information disclosed to or known by the public, the defendants' statements did not disclose the specific facts upon which they drew their opinions, but rather through innuendo implied defamatory facts if proven to be false.

### III. *Conclusion*

Accordingly, **IT IS HEREBY ORDERED** that defendants' joint motion (# 9) and (# 6)

to dismiss plaintiff's Defamation claim be DENIED.

---

12. The Nevada Supreme Court in *Branda v. Sanford,* 97 Nev. 643, 637 P.2d 1223, 1226 (1981) concluded, "[f]inding the words ambiguous and susceptible of a defamatory construction, ... the trial court erred in not submitting the issue to the jury to determine if the time, place, manner, and circumstances surrounding the statement imputed unchastity and [affected] those hearing the words in their defamatory sense."