NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERALD PETERS GALLERY, INC.;
GERALD PETERS,

Plaintiffs-Appellants,

v.

PETER STREMMEL; STREMMEL
GALLERIES, LTD.; MIKE OVERBY;
COEUR D'ALENE ART AUCTION OF
NEVADA, LLC,

Defendants-Appellees.

No. 18-16677

D.C. No. 3:17-CV-00273-MMD-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted November 6, 2019
Portland, Oregon

Before: PAEZ, Circuit Judge, RAWLINSON, Circuit Judge, and WU,[**] District
Judge.

Gerald Peters Gallery, Inc. and Gerald Peters ("Peters") (collectively,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

"Appellants") appeal from a summary judgment order and judgment entered against them in this defamation/business disparagement action, which they brought against Peter Stremmel ("Stremmel"), Stremmel Galleries, Ltd., Mike Overby and Coeur D'Alene Art Auction of Nevada, L.L.C. (collectively, "Appellees"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review *de novo*. We conclude that the district court erred in its interpretation and application of Nevada law, and reverse and remand for further proceedings consistent with this decision.

This case involves the sale, by Appellants, of a painting titled "*The Rain and the Sun*," represented to be by Frank Tenney Johnson ("Painting"), that was purchased by R. D. Hubbard ("Hubbard"). When a question arose as to the Painting's authenticity, one of Hubbard's associates sent images of the Painting to Stremmel, who in a series of emails made comments such as: (1) "Mike Overby and I" "are absolutely certain" "that [the Painting] is not in fact by Frank Tenney Johnson," and (2) "I hope it wasn't represented to Dee as an FTJ—and I really hope he didn't pay a lot for it."

Under Nevada law, defamation requires proof of four elements: "(1) a false and defamatory statement . . . concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019). Where state law is unclear on a matter because "the highest court of a state

2

has not directly spoken" on it, "a federal court sitting in diversity must generally use its 'own best judgment in predicting how the state's highest court would decide the case.'" *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, 908 F.3d 581, 586 (9th Cir. 2018) (quoting *Fiorito Bros., Inc. v. Fruehauf Corp.*, 747 F.2d 1309, 1314 (9th Cir. 1984)). "In making this prediction, the federal court 'must ascertain from all available data what the state law is and apply it.'" *Id.* (quoting *Estrella v. Brandt*, 682 F.2d 814, 817 (9th Cir. 1982)). This "data" includes intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018).

In granting the Appellees' motion for summary judgment, the district court considered only the first element—"a false and defamatory statement concerning the plaintiff"—finding it to be "dispositive." The district court initially and properly looked to Section 564 of the Restatement (Second) of Torts ("the Restatement") in approaching the issue because: (a) Nevada law is unclear on the issue and (b) Nevada courts frequently refer to the Restatement to assess issues relevant to defamation claims. *See e.g., Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1133 (9th Cir. 1994); *Cucinotta v. Deloitte & Touche, L.L.P.*, 302 P.3d 1099, 1099 (Nev. 2013).

The district court erred, however, in determining that it would not have been

3

"reasonable for Mr. Hubbard or his associates to understand Stremmel as intending to refer to [Appellants]" simply on the basis of the fact that Hubbard and his associates had not told Stremmel of the Appellants' involvement in the sale of the Painting at the time of the initial comments. The alleged defamer's intent—or lack thereof—in aiming at the particular plaintiff is not controlling (even if it is relevant), so long as the interpretation of the statement as referring to that plaintiff is "reasonable in light of all the circumstances." *See* Restatement § 564 cmt. b. In a defamation suit, it matters less "who was aimed at" than "who was hit." *Corrigan v. Bobbs-Merrill Co.*, 228 N.Y. 58, 63–64 (1920); *see also, e.g.*, *Marr v. Putnam*, 246 P.2d 509, 521 (Or. 1952).

Given this error, the district court's ruling could stand if one of two propositions is correct: 1) it is the law that the speaker must know the specific identity of the person he or she is allegedly defaming at the time of the statement (even if the speaker does not identify the person in the statement); or 2) it was, for some other reason and as a matter of law, not "reasonable in light of all the circumstances" to associate Stremmel's statements with Appellants. There is no law cited in the district court's order, or that we have discovered, which supports the former proposition. In contrast, several cases from other jurisdictions recognize the continued viability of a defamation claim notwithstanding the defendant's complete lack of knowledge of the identity of the plaintiff. *See Dalbec*

4

*v. Gentleman's Companion, Inc.*, 828 F.2d 921, 925 (2d Cir. 1987); *Allied Mktg. Grp., Inc. v. Paramount Pictures Corp.*, 111 S.W.3d 168, 173 (Tex. App. 2003); *The Gazette, Inc. v. Harris*, 325 S.E.2d 713, 735–39, 742 (Va. 1985); *see also Walker v. Bee-News Pub. Co.*, 240 N.W. 579, 580 (Neb. 1932).[1]

As to whether it was "reasonable in light of all the circumstances" to associate Stremmel's statements with Appellants, there is evidence in the record that supports the conclusion that Stremmel knew there was a seller of the Painting at the time of his e-mails, even if he did not know the precise identity when he sent his first two e-mails. Because Nevada law did not require Stremmel to know the precise identity of the seller, whether his e-mails reasonably implicated Appellants was a question of fact for the jury and it was error for the district court to decide this issue as a question of law. *See, e.g., Marr*, 246 P.2d at 521; *The Gazette*, 325 S.E.2d at 738; *Switzer v. Anthony*, 206 P. 391, 392 (Colo. 1922).

We also: 1) disagree with the district court's conclusion that a jury could not conclude that certain of Stremmel's statements implied "an assertion of objective

---

[1] The district court's only attempt to address authority on this topic was its rejection of the Third Circuit's decision in *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186 (3d Cir. 1998), dismissing the case as "non-binding precedent" and "unpersuasive because the facts are readily distinguishable." Yet, "decisions from other jurisdictions" are one of the data points that courts are to consult in predicting uncertain state law. *PSM Holding Corp.*, 884 F.3d at 820. Moreover, the district court's attempt to distinguish *Taj Mahal* on its facts is unconvincing upon our examination of that decision.

5

fact under the circumstances"; 2) reject Appellees' argument that an assertion that a painting is a fake is categorically not a communication that may be defamatory of a seller who has sold—and warranted—it as authentic, *see Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009); and 3) conclude that, whether or not Stremmel's assertions might be understood as an opinion, a jury could easily find otherwise given the language used in his e-mails. These issues are not appropriate for summary judgment in this case.

On remand, the district court should be guided by the principles that "words do not exist in isolation" and "must be reviewed in their entirety and in context to determine whether they are susceptible of defamatory meaning." *Chowdhry v. NVLH, Inc.*, 851 P.2d 459, 463 (Nev. 1993) (omitting internal quotation marks) (quoting *Branda v. Sanford*, 637 P.2d 1223, 1226 (Nev. 1981)); *see also Ornatek v. Nev. State Bank*, 558 P.2d 1145, 1147 (Nev. 1977); Restatement § 563 cmt. d. Further, the district court must, in the first instance, determine—with the benefit of a more-complete evidentiary record than we have here—the scope of that "context" given the timing and form of the statements in question. *See, e.g.*, *John Doe 2 v. Superior Court*, 1 Cal. App. 5th 1300, 1312 (2016); *Fluor Enters., Inc. v. Conex Int'l Corp.*, 273 S.W.3d 426, 434–35 (Tex. App. 2008).[2]

---

[2] We recognize that Restatement § 564 cmt. f discusses the third element of a defamation claim (*i.e.,* fault, amounting to at least negligence) and, in that context, considers the defamer's conduct including "when the recipient knew of extrinsic

Appellants' defamation claim should have survived summary judgment, and we therefore reverse and remand. Because the remainder of the claims were resolved based upon the resolution of the defamation claim, we likewise reverse the judgment as to those claims.

**REVERSED AND REMANDED.**

---

facts that make the communication defamatory of the plaintiff but these facts were not known to the defamer." However, the district court never reached the third element, having found the first element to be dispositive and basing its ruling entirely on that factor.



***Gerald Peters Gallery, Inc. v. Stremmel*, Case No. 18-16677**
**Rawlinson, Circuit Judge, concurring in the judgment:**

I concur in the judgment reversing and remanding for further proceedings. However, I expressly disavow reliance on the out-of-circuit authority cited in the majority disposition.

The majority cites two Ninth Circuit cases to support its reliance on out-of-circuit authority: *T-Mobile, USA Inc. v. Selective Ins. Co. of America*, 908 F.3d 581, 586 (9th Cir. 2018), and *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018). However, despite some brief language suggesting consideration of cases from other jurisdictions, neither of those cases cited cases outside the locale of the district court. In my view, it is not necessary to rely on out-of-circuit authority to resolve this case, and we should refrain from doing so, particularly in an unpublished disposition. Rather, we could reach the same result from the plain language of the Restatement (Second) of Torts and cases from our court and the Nevada Supreme Court explaining that statements alleged to be defamatory must be viewed "in their entirety and in context to determine whether they are susceptible of defamatory meaning." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 463 (Nev. 1993) (citation omitted); *see also Lubin v. Kunin*, 17 P.3d 422, 425 (Nev. 2001) (same); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (stating

1

that the court "must take into account all parts of the communication that are ordinarily heard or read with it") (quoting Restatement (Second) of Torts § 563 comt.d.) (internal quotation marks omitted).

I concur in the judgment.