**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTINE NILSSON,
             *Plaintiff-Appellant,*

v.

CITY OF MESA, municipal
corporation,
             *Defendant-Appellee.*

No. 05-15627

D.C. No.
CV-02-00287-JWS

OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted
February 13, 2007—San Francisco, California

Filed September 13, 2007

Before: Ronald M. Gould and Johnnie B. Rawlinson,
Circuit Judges, and Alfred V. Covello,* Senior Judge.

Opinion by Judge Rawlinson

*The Honorable Alfred V. Covello, Senior District Judge for the District of Connecticut, sitting by designation.

12361

**COUNSEL**

David F. Gaona, Phoenix, Arizona, for the plaintiff-appellant.

Mark T. Steadman, Mesa, Arizona, for the defendant-appellee.

**OPINION**

RAWLINSON, Circuit Judge:

Christine Nilsson (Nilsson) appeals the district court's order granting summary judgment in favor of defendant-appellee City of Mesa (Mesa) in her action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., Title I of the Americans with Disabilities Act

of 1990 (ADA), 42 U.S.C. § 12111 *et seq.*, the United States Constitution's due process and equal protection clauses, and various Arizona state laws, including the Arizona Employment Discrimination Act (AEDA), Ariz. Rev. Stat. § 41-1461 *et seq.*[1] Because summary judgment in favor of Mesa was warranted, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nilsson applied for a police officer position with the City of Mesa. In conjunction with her employment application, Nilsson agreed to "waive all [her] legal rights and causes of action to the extent that the Mesa, Arizona, Police Department investigation (for purposes of evaluating [her] suitability or application for employment) . . . violate[d] or infringe[d] upon . . . [her] legal rights and causes of action . . ." In addition, Nilsson:

> [A]gree[d] to hold harmless and release from liability under any and all possible causes of legal action the City of Mesa, Arizona Police Department, their officers, agents, and employees for any statements, acts, or omissions in the course of the investigation into [her] background, employment history, health, family, personal habits and reputation.

Officer Dwayne Yunker (Yunker) was assigned to investigate Nilsson's background. After an initial review, Yunker "gave . . . Nilsson the thumbs up," and her employment application was sent to the Mesa Police Department's (Mesa PD) Hiring Board. Yunker continued discussions with Nilsson,

---

[1]Because Nilsson does not challenge the district court's dismissal of her public policy, intentional infliction of emotional distress, invasion of privacy/false light, intentional interference with prospective contracting, and negligent misrepresentation claims in her opening brief, she has waived these claims on appeal. *See Arpin v. Santa Clara Valley Transp. Agc'y*, 261 F.3d 912, 919 (9th Cir. 2001).

however, because he was unable to answer the Hiring Sergeant's questions regarding the conditions under which Nilsson left the Tempe Police Department (Tempe PD), as well as the various legal proceedings in which Nilsson had been involved while employed by the Tempe PD. Nilsson disclosed that she had been involved in an EEOC dispute with the Tempe PD, and that she left the Tempe PD as part of a settlement agreement. In a subsequent discussion, Nilsson explained that she had been involved in civil proceedings in 1983, 1988, 1991, and 1992. Nilsson also revealed that in or around 1990 or 1991 she filed a worker's compensation claim, and that in 1993 she was involved in a labor board proceeding.

The Hiring Board denied Nilsson's application, but did not inform her of its decision. Nilsson learned that her application had been denied from Detective John Newberry (Newberry), a friend of hers at the Mesa PD. Newberry also informed Nilsson that "there could be a possibility [the hiring officials] . . . could change their mind." The Mesa PD subsequently extended a conditional offer of employment to Nilsson, subject to her successfully completing a physical aptitude test, a medical examination, and a psychological evaluation. Nilsson passed the physical aptitude test, as well as the medical examination, but failed the psychological evaluation. Dr. Robin Ford, a clinical psychologist, recommended that Nilsson not be hired, citing among other reasons "[Nilsson's] stubborn, [sic] edginess and impulsivity." Nilsson was ultimately not hired by the Mesa PD.

Nilsson filed a charge of discrimination with the EEOC asserting violations of her rights under the ADA and Title VII. She subsequently sued Mesa asserting various state and federal claims. After the district court granted summary judgment in favor of Mesa, Nilsson filed this timely appeal.

## II.   STANDARD OF REVIEW

We review the district court's decision to grant summary judgment *de novo*. *See Porter v. California Dep't of Corr.*,

419 F.3d 885, 891 (9th Cir. 2005). Summary judgment is appropriate if viewing the evidence in the light most favorable to Nilsson, and making all reasonable inferences in her favor, "there is no genuine issue as to any material fact and . . . [Mesa] is entitled to a judgment as a matter of law." *Id.*

## III. DISCUSSION

### A. The Waiver Signed By Nilsson Bars Her ADA Claims and Her § 1983 Claims, but not Her Title VII Claims.

**[1]** "The interpretation and validity of a [waiver] of [federal claims] is governed by federal law." *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989) (citations omitted). "[A]n agreement need not specifically recite the particular claims waived in order to be effective." *Id.* However, we "must closely scrutinize a waiver of rights under Title VII because of their remedial nature." *Id.* (citation omitted).

The waiver signed by Nilsson encompassed:

> . . . any and all possible causes of legal action [against] the City of Mesa, Arizona Police Department, their officers, agents, and employees for any acts, or omissions *in the course of the investigation into [her] background, employment history, health, family, personal habits and reputation* . . . and[, all] . . . causes of action to the extent that the Mesa, Arizona Police Department investigation (for purposes of evaluating [her] suitability for employment) may violate or infringe upon the[ ] aforementioned legal rights and causes of action.

(emphasis added).

**[2]** Nilsson urges us to hold that the waiver is not enforceable against her because she did not understand it. In *Stroman*, we held that:

[t]he determination of whether a waiver of [a federal right] was voluntary, deliberate, and informed is predicated upon an evaluation of several indicia arising from the circumstances and conditions under which the release was executed[, including] . . . [the] clarity and lack of ambiguity of the agreement, . . . the plaintiff's education and business experience, . . . the presence of a noncoercive atmosphere . . . , and whether the employee had the benefit of legal counsel . . .

*Id.* at 462 (citations and internal quotation marks omitted).

**[3]** Based on her college-level education and prior work experience with the Tempe PD, Nilsson possessed sufficient education and experience to understand the waiver. *Cf. id.* at 462-63 (describing a plaintiff with similar education and experience). Although Nilsson represents that she did not have an attorney read the waiver before signing it, "there is no evidence indicating that [she] was discouraged or precluded from doing so." *Id.* at 463. To the contrary, the waiver expressly states in bold capital letters: "READ CAREFULLY BEFORE SIGNING—IF NOT UNDERSTOOD, SEEK COMPETENT LEGAL ADVICE." Accordingly, the evidence before the district court did not present a genuine issue of material fact as to whether Nilsson understood the waiver.[2]

**[4]** We agree with Mesa that the waiver precludes Nilsson from asserting any of her claims that address its investigation and inquiry. *Cf. id.* at 461 (construing waiver "of any and all claims arising out of his *employment*" broadly) (emphasis added). Nilsson's ADA and § 1983 claims resulted from

---

[2]Nilsson relies on her affidavit to establish that she did not understand the waiver. However, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (citations omitted).

actions taken in the course of Mesa's investigation and are therefore waived. In her ADA claim, Nilsson asserted that Mesa violated the ADA by "investigat[ing] and inquir[ing] into [her] worker's compensation claims before submitting a conditional offer of employment to [her]." Similarly, Nilsson contended that Mesa violated her constitutional rights in violation of § 1983 when the Hiring Sergeant directed Yunker to investigate her EEOC and worker's compensation claims. Because these actions were indisputably part and parcel of the investigation, the waiver precludes Nilsson from proceeding with her causes of action under the ADA and § 1983.

[5] We take a different view of Nilsson's Title VII claim. Mesa characterizes the basis of the Title VII claim as asserting that "Mesa asked 'improper' questions about [Nilsson's] EEOC complaint and . . . [denied] her application." Although it is true that Nilsson waived "any and all possible causes of legal action [against Mesa] . . . for any . . . acts, or omissions *in the course of the investigation* into [her] background, employment history, health, family, personal habits and reputation," (emphasis added), Nilsson's Title VII claim rests on her assertion that she was not hired due to her filing an EEOC complaint against the City of Tempe, not, as Mesa contends, because Mesa improperly discovered her EEOC complaint during the course of its investigation. Accordingly, Nilsson's Title VII claim is not barred by the waiver.

## B. Nilsson's AEDA Sex Discrimination and Disability Claims Are Statutorily Barred as Unexhausted, However, Her AEDA Retaliation Claim Survives.

[6] Claims not filed with either the EEOC or the Arizona Civil Rights Division are statutorily barred as unexhausted. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 740 n.2 (9th Cir. 2004), *see also Webb v. Bd. of Educ.*, 471 U.S. 234, 247 (1985) (Brennan, J., concurring in part and dissenting in part) (referring to an "administrative exhaustion requirement"). The parties agree that because the EEOC and the Arizona Civil

Rights Division have a Sharing Agreement, Nilsson's EEOC charge against the Mesa PD qualified as a charge filed under the AEDA. However, the parties dispute the extent to which the claims asserted by Nilsson in her EEOC complaint constituted notice of the claims she seeks relief for under the AEDA.

[7] Under the AEDA:

> It is an unlawful employment practice for an employer . . . [t]o fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to the individual's compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex, age, disability or national origin.

Ariz. Rev. Stat. § 41-1463(B)(1). The AEDA also makes it unlawful for an employer to "discriminate against any . . . applicant[ ] for employment . . . because the . . . applicant has opposed any practice which is an unlawful employment practice under [the Act]." *Id.* at § 41-1464(A). Nilsson's EEOC Complaint alleged discrimination based on Mesa's retaliation for Nilsson's filing of an EEOC complaint against the Tempe PD, and disability discrimination based on the Mesa PD's improper questioning about her prior worker's compensation claims. Because the EEOC Complaint expressly stated the disability retaliation charge, her retaliation claim under the AEDA survives. *See Bodett*, 366 F.3d at 740 n.2. However, Nilsson's claim of sex discrimination under the AEDA does not survive because she failed to comply with the AEDA's exhaustion requirement as to that claim, having failed to mention it in her EEOC Complaint. *See id.* Similarly, Nilsson's AEDA disability claim is statutorily barred, as she did not assert in her EEOC Complaint that the Mesa PD "refuse[d] to hire . . . or otherwise[ ] discriminate[d] against [her] . . . *because of . . . disability.*" Ariz. Rev. Stat. § 41-1463(B)(1) (emphasis added). Although Nilsson included an allegation

that she was retaliated against for filing a worker's compensation claim, she never alleged that she was discriminated against on the basis of a disability.

## C. Nilsson's Title VII Retaliation Claim and AEDA Retaliation Claim Do Not Survive Summary Judgment Because Nilsson Failed to Raise a Genuine Issue of Material Fact Regarding Pretext.

[8] Title VII prohibits, among other things, retaliation against an employee for making a charge or otherwise participating in a Title VII proceeding. *See* 42 U.S.C. § 2000e-3(a).[3] "In order to establish a prima facie case of retaliation [Nilsson] must demonstrate that (1) she had engaged in a protected activity;" (2) the Mesa PD subjected her "to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Porter*, 419 F.3d at 894 (citation omitted). "If [Nilsson] provides sufficient evidence to show a prima facie case of retaliation, the burden then shifts to the [Mesa PD] to articulate a legitimate, non-retaliatory reason for its actions." *Id.* (citation omitted). "If the [Mesa PD] sets forth such a reason, [Nilsson] bears the ultimate burden of submitting evidence indicating that the [Mesa PD's] proffered reason is merely a pretext for a retaliatory motive." *Id.* (citation omitted).[4]

---

[3]According to the EEOC's Compliance Manual, "[t]here is no requirement that the entity charged with retaliation be the same as the entity whose allegedly discriminatory practices were opposed by the charging party." EEOCCM § 8-II(B)(3)(d). The EEOC's determination is entitled to deference under *Chevron USA Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *See EEOC v. Dinuba Medical Clinic Inc.*, 222 F.3d 580, 588-89 (9th Cir. 2000) (according deference to the EEOC's Enforcement Guidance).

[4]"[F]ederal Title VII case law is persuasive in the interpretation of the Arizona Civil Rights Act." *Bodett*, 366 F.3d at 742 (citation and alterations omitted).

### 1.   Nilsson Established a Prima Facie Case of Retaliation.

**[9]** Neither party disputes that the first two prongs of the prima facie test were met.[5] However, Mesa contends that there is no causal link between its decision not to hire Nilsson and Nilsson's filing of an EEOC complaint against the Tempe PD because: (1) the Mesa PD made Nilsson a conditional offer of employment after learning that she had filed an EEOC complaint against the Tempe PD, and (2) the Mesa PD's decision was based on Dr. Ford's recommendation. Neither of these facts are relevant considerations in determining whether Nilsson established a prima facie case of retaliation as they are an attempt to "articulate . . . legitimate, non-retaliatory reason[s] for [the Mesa PD's] actions." *See Porter*, 419 F.3d at 894. Nilsson established that Mesa was aware of her previous EEOC complaint against the Tempe PD. Mesa concedes as much. In addition, Yunker testified during his deposition that he "understood that [the situation that he was following up on] involved an EEOC complaint . . ." This evidence is sufficient to establish a genuine issue of material fact as to whether a causal link exists between Nilsson's filing of an EEOC complaint against the Tempe PD and Mesa's decision not to hire her. *See Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1113-14 (9th Cir. 2003).

### 2.   Nilsson Failed to Establish That the Mesa PD's Legitimate Proffered Reason for not Hiring Her Is Merely a Pretext for a Retaliatory Motive.

**[10]** Nilsson does not dispute that the Mesa PD has met its burden of articulating a legitimate, non-discriminatory reason for its decision not to hire her—passing a psychological eval-

---

[5]Nilsson's filing of a complaint with the EEOC was protected activity. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1125 n.19 (9th Cir. 2004). Nilsson suffered an adverse employment decision when Mesa declined to hire her. *See id.*

uation was a condition of her employment. However, Nilsson contends that Mesa's conditional offer of employment, and subsequent denial on the grounds that Nilsson failed her psychological examination, constituted pretext. "To establish that [Mesa's] nondiscriminatory explanation is a pretext for discrimination, [Nilsson] may rely on circumstantial evidence, which . . . must be 'specific' and 'substantial' to create a genuine issue of material fact." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 (9th Cir. 2006) (citation and footnote reference omitted).

During her deposition, Nilsson explained that her friend Newberry informed her that she was a "legal risk" and based on that, "it *appeared*" that the legal risk was a reference to her EEOC complaint against the Tempe PD. (Emphasis added). However, during his deposition, Newberry clarified that his comments were "complete assumptions and guessing . . ." Newberry's rank speculation about the Mesa PD's reasons for its hiring decision does not create a genuine issue of material fact. *See Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978).

**[11]** Nilsson also attempts to establish pretext by reference to Yunker's deposition testimony stating that the reason the Hiring Board initially denied Nilsson's application was that "Nilsson had left Tempe PD and [because of] previous . . . litigation or . . . lawsuits." However, independent of Nilsson's prior litigation, the Mesa PD rejected Nilsson's employment application because she failed a required psychological examination. The psychological evaluation that Nilsson failed was performed by Dr. Ford, an independent clinical psychologist who was not employed by Mesa. Nilsson did not present any evidence refuting Dr. Ford's professional opinion that Nilsson should not be hired. She also failed to present any evidence that Dr. Ford's opinion was based on anything other than a legitimate psychological evaluation. *See Cornwell*, 439 F.3d at 1029 n.6 ("A plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of

the defendant's proffered reason for the challenged employment action.") (citations omitted). As Nilsson failed to meet her burden of raising a genuine issue of material fact with respect to pretext, summary judgment in favor of Mesa on both Nilsson's Title VII and AEDA retaliation claims was warranted under governing law. *See Porter*, 419 F.3d at 894.

## IV.   CONCLUSION

Nilsson voluntarily, deliberately, and knowingly waived her right to assert her ADA and § 1983 claims against the Mesa PD because they were predicated on actions taken during the background investigation. As Nilsson failed to file a charge with either the EEOC or the Arizona Civil Rights Division with respect to her sex and disability discrimination claims under the AEDA, those claims were not exhausted. Although Nilsson's Title VII and AEDA retaliation claims were not barred, she failed to raise a genuine issue of material fact with respect to pretext. Accordingly, summary judgment in favor of Mesa was warranted as to all of Nilsson's causes of action.

**AFFIRMED.**