**Mark E. PERKINS, Plaintiff–Appellant,**

v.

**POSTMASTER GENERAL; et al., Defendants–Appellees.**

No. 06–15475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 4, 2008.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Gregory Addington, USRE–Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Defendants–Appellees.

Before: WALLACE, SCHROEDER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Mark E. Perkins appeals the district court's summary judgment in favor of the United States Postmaster General on all of his claims. We affirm.

■ To make out a prima facie case of discrimination under the Rehabilitation Act, Perkins must show, among other things, that he is "disabled" and a "qualified" individual under the Act. *See Zukle v. Regents of Univ. of Cal.,* 166 F.3d 1041, 1045 (9th Cir.1999). The district court found that Perkins had presented a prima facie case that he was disabled from his bipolar disorder and narcissism, but granted summary judgment in favor of the Postmaster because Perkins failed to establish a genuine issue of fact as to whether he was a qualified individual. On appeal, Perkins did not expressly address whether he was a qualified individual in his opening brief, thereby waiving that argument. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). At the oral argument, however, Perkins responded to questions on this issue, and we therefore address it on the merits.

■ An "otherwise qualified person" is "one who can perform 'the essential functions' of the job in question." *Sch. Bd. of Nassau County, Fla. v. Arline,* 480 U.S. 273, 288 n. 17, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). "When a handicapped person is not able to perform the essential functions of the job, the court must also consider whether any 'reasonable accommodation' by the employer would enable the handicapped person to perform those functions." *Id.* An accommodation is not reasonable if it "imposes 'undue financial and administrative burdens.'" *Id.* Because Perkins's requested accommodation would

pose an undue administrative burden on the Postmaster and does not assure that Perkins's behavior will change, we affirm the district court's conclusion that the accommodation is unreasonable. *See id.* We therefore uphold the district court's grant of summary judgment on the discrimination claims. *See Zukle,* 166 F.3d at 1045.

■ In a footnote, Perkins contends the district court erred in granting summary judgment in favor of the Postmaster on his retaliation claims. Because the opening brief says at the outset, on page 4, that there are two claims (the retaliation claim being neither), and because a large portion of Perkins's opening brief—including this footnote—was simply copied from his opposition to the motion for summary judgment, Perkins's argument regarding his retaliation claims on appeal appear to have been waived. In any event, none of the evidence Perkins presented to the district court created a genuine issue of material fact as to whether the Postmaster improperly relied on the zero tolerance policy as a basis for terminating him, failed to follow certain procedures in terminating him, built a case against him, or ignored his denials to accusations by his coworkers that he threatened them. We therefore uphold the district court's conclusion that Perkins "failed to demonstrate that [the Postmaster's] legitimate non-discriminatory reasons were pretext." The Postmaster was entitled to summary judgment on the retaliation claims. *See Nilsson v. City of Mesa,* 503 F.3d 947, 954–55 (9th Cir. 2007).

■ Regarding his claims under the Privacy Act, Perkins contends that summary judgment should have been denied

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because genuine issues of fact existed as to whether Eric Silverberg "saw the diagnosis" on a document Joyce Persek faxed to him for Perkins, whether Persek improperly faxed Dr. Mark Armerding's psychiatric evaluation to various decisionmakers, whether Perkins was adversely affected by the disclosures, and whether Persek acted intentionally or willfully in disclosing his medical information. As with his retaliation claims, none of the evidence presented to the district court created a genuine issue of material fact. We therefore affirm the district court's grant of summary judgment on Perkins's Privacy Act claims. *See Nilsson,* 503 F.3d at 954–55.

**AFFIRMED.**