Mary **LAHREN**; **Richard, Schweickert,**
**Plaintiffs—Appellants,**

and

**Ann M. Dougherty, Plaintiff,**

v.

**UNIVERSITY & COMMUNITY COLLEGE SYSTEM OF NEVADA; John Frederick; Robert Karlin; John Lilley; Jane Long; James Taranik, Defendants—Appellees.**

No. 06–16923.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2008.*

Filed Sept. 19, 2008.

Jeffrey A. Dickerson, Esq., Jeffrey A. Dickerson, Attorney at Law, Reno, NV, for Plaintiffs–Appellants.

Mary Phelps Dugan, Esq., P. Mark Ghan, Esq., University & Community Colleges, Office of General Counsel, Reno, NV, for Defendants–Appellees.

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK,** District Judge.

**MEMORANDUM***

Mary Lahren and Richard Schweickert appeal from the district court's judgment

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable John W. Sedwick, Chief District Judge for the District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-

and argue that the district court erred when it granted summary judgment against them and in favor of the Nevada System of Higher Education and Robert Karlin, who was Chairman of the Geology Department at the University of Nevada, Reno. We affirm.

We have carefully reviewed the briefs and the record and we affirm the judgment for the reasons cogently set forth by the district court in its order of October 21, 2005, and its two orders of December 22, 2005 (one regarding Lahren's claims and one regarding Schweickert's claims).

■ However, we do need to mention a few matters which, of necessity, were not addressed by the district court: (1) The district court determined that the May 14, 2002, United States Equal Opportunity Commission Settlement Agreement, and the Settlement of All Claims of the same date were valid and enforceable. *See Nilsson v. City of Mesa*, 503 F.3d 947, 951–52 (9th Cir.2007); *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir.1989). To the extent that the district court did not expressly address Karlin's argument that Lahren had released all claims against him for the period before the date of those settlements, it did so by necessary implication, and no claims against him remain; (2) To the extent that we are asked to address issues not raised before the district court or not raised in the opening brief, we decline so to do. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996); and (3) To the extent that Schweickert's equal protection claim is based upon a class-of-one theory, as it may well be, that theory is not available in this public employment case. *See Engquist v.*

*Or. Dep't of Agric.,* —— U.S. ——, 128 S.Ct. 2146, 2157, 170 L.Ed.2d 975 (2008).

AFFIRMED.