MEMORANDUM **
John Anthony Madrid, a California state prisoner, appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that Correctional Officer Tabak retaliated against him by confiscating items of personal property during a cell search, and that N. Grannis, the Chief of Inmate Appeals for the California Department of Corrections, failed to resolve Madrid’s administrative appeal properly and denied him access to courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment on Madrid’s retaliation claim against Tabak because Madrid failed to “designate specific facts showing that there is a genuine issue for trial” as to whether Tabak acted with retaliatory motive. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (holding that a prisoner alleging retaliation must show, inter alia, that a state actor took adverse action against him because of the prisoner’s protected conduct).
The district court also properly granted summary judgment on Madrid’s claims against Grannis. Madrid’s vague and conclusory allegations that Grannis did not properly investigate his prison grievance were insufficient to overcome Grannis’s evidence to the contrary. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. Further, summary judgment was proper on Madrid’s access to courts claim because Madrid did not show that Grannis frustrated his ability to pursue a non-frivolous legal claim. See Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir.2008).
We decline to consider Madrid’s contention that the district court should have appointed him counsel because he failed to raise the issue below. See Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir.1996) (“Generally, an appellate court will not consider arguments not first raised before the district court unless there were exceptional circumstances.” (internal quotations omitted)).
Madrid has waived any challenge to the district court’s dismissal of his other feder *686 al claims, or the district court’s decision to decline to exercise supplemental jurisdiction over his remaining state law claim. See Nilsson v. City of Mesa, 503 F.3d 947, 950 n. 1 (9th Cir.2007).
Madrid’s request for judicial notice is denied. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.