NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORI MCGRATH,

    Plaintiff – Appellant,

v.

STATE OF NEVADA
DEPARTMENT OF PUBLIC
SAFETY,

    Defendant – Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09-15820

D.C. No. 3:07-CV-00292-LRH-VPC

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 11, 2010[**]
San Francisco, California

Before:    FERNANDEZ, THOMAS, and CALLAHAN, Circuit Judges.

Lori McGrath appeals from the district court's judgment and asserts that the

district court erred when it granted summary judgment against her and in favor of

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

the State of Nevada, Department of Public Safety, Nevada Highway Patrol

("NHP"). We affirm.

(1)    McGrath asserts that the district court erred when it determined that she had not spelled out a prima facie case for retaliation pursuant to the retaliation provisions of Title VII[1] for events before she filed a complaint with the Nevada Equal Rights Commission and EEOC (collectively "NERC") in January of 2002. We disagree. McGrath could not spell out a case unless NHP subjected her to an adverse employment action <u>after</u> she had engaged in a protected activity. <u>See</u> <u>Nilsson v. City of Mesa</u>, 503 F.3d 947, 953–54 (9th Cir. 2007). The record shows that prior to the 2002 filing she had not opposed any alleged discriminatory practice by NHP. <u>See</u> <u>Raad v. Fairbanks N. Star Borough Sch. Dist.</u>, 323 F.3d 1185, 1197 (9th Cir. 2003); <u>see also</u> <u>Crawford v. Metro. Gov't of Nashville & Davidson County</u>, 129 S. Ct. 846, 850, 172 L. Ed. 2d 650 (2009). That, by the way, includes her claim that the State Attorney General refused to represent her in an action filed against her.[2]

_____

[1]<u>See</u> 42 U.S.C. § 2000e–3.

[2]That claim would also be barred because she never did file a complaint about it with the appropriate agency. <u>See</u> <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099–1100 (9th Cir. 2002); <u>Vasquez v. County of Los Angeles</u>, 349 F.3d 634, 644 (9th Cir. 2004). Moreover, the final decision of the Attorney General was

(continued...)

(2) McGrath also claims that the district court erred in determining that she was not retaliated against after she filed complaints with NERC. She claims retaliation because an officer, who had asked her for a date and been refused, was transferred into the division of NHP where she worked. Again, we disagree. Not every act of NHP became an adverse employment action simply because McGrath did not agree with it. See Brooks, 229 F.3d at 928; see also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006). Here, the transferred employee had not previously severely harassed her,[3] did not harass her while in the division, and was seen infrequently by her because NHP required that he work a different shift.[4]

(3) McGrath's assertion that the district court erred because it failed to make a cumulative analysis is otiose. McGrath has not shown evidence of separate instances of retaliation that should have been accumulated. Nothing plus nothing

---

[2](...continued)
to provide for her representation. See Brooks v. City of San Mateo, 229 F.3d 917, 929–30 (9th Cir. 2000).

[3]See Ellison v. Brady, 924 F.2d 872, 883 (9th Cir. 1991); see also Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000).

[4]McGrath complains that the district court improperly refused to consider a report. However, the report was not properly sworn to or authenticated. In any event, it would not have affected the grant of summary judgment.

is still naught.

AFFIRMED.