**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD L. ARMSTRONG, | No. 08-17214 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-01447-LKK-GGH |
| v. | |
| KEATING, | MEMORANDUM [*] |
| Defendant - Respondent. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Harold L. Armstrong, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendant improperly withdrew exempt funds from his trust account to pay restitution in connection with his criminal case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment for defendant because Armstrong failed to raise a triable issue as to whether the funds in his account were exempt from withdrawal for restitution or whether defendant was personally involved in withdrawing the funds. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (explaining that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact" (internal quotation marks and citation omitted)); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

Armstrong's remaining contentions are unpersuasive.

**AFFIRMED.**