**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOSHE IMMERMAN,

          Plaintiff - Appellant,

  v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, being sued as Ann M
Veneman, Secretary,

          Defendant - Appellee.

No. 09-35827

D.C. No. 6:04-cv-06134-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted April 20, 2011[**]

Before:     SKOPIL, FARRIS, and LEAVY, Circuit Judges.

    Moshe Immerman appeals pro se from the district court's grant of summary

judgment for defendants in his action alleging the United States Forest Service

("USFS") wrongly withdrew a 1997 offer of employment in violation of Title VII.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment in favor of defendants on Immerman's claim of religious discrimination under Title VII. Even assuming Immerman established a prima facie case of discrimination, he has not offered "specific" and "substantial" circumstantial evidence raising a triable issue of fact as to whether USFS's legitimate reasons for its actions in 1997 are a pretext for a discriminatory motive. *See Nillson v. City of Mesa*, 503 F.3d 947, 954-55 (9th Cir. 2007).

The district court's denials of Immerman's motions to recuse Judge Hogan were not an abuse of discretion. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).

The district court did not abuse its discretion by denying Immerman's request to appoint permanent pro bono counsel because Immerman's case did not present exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004).

The district court did not abuse its discretion in ruling on the motion for summary judgment without holding oral argument or an evidentiary hearing. *See*

*Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Finally, Immerman has waived any challenge to the district court's disposition of his discrimination claim arising from his 1992 employment. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir.2009) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal quotation marks omitted).

Immerman's remaining contentions are unpersuasive.

**AFFIRMED.**