**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CRUDDER, | No. 11-15164 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00435-HRH |
| v. | |
| PEORIA UNIFIED SCHOOL DISTRICT NO. 11; PEORIA UNIFIED SCHOOL DISTRICT NO. 11, Governing Board; DENTON SANTARELLI, Ed. D., District Superintendent; UNKNOWN SANTARELLI, Named as Jane Doe Santarelli - His Wife; DENNIS WILLIAMS, Director of Human Resources; MICHELLE HAEUSSLER; UNKNOWN HAEUSSLER, Named as John Doe Haeussler - her Husband; UNKNOWN WILLIAMS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Appellant Michael Crudder appeals the district court's adverse summary judgment on his employment discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983, in favor of Crudder's employer, appellee Peoria Unified School District No. 11 ("the district"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Crudder argues that the district's failure to promote him to principal while it investigated sexual harassment claims against him constitutes disparate treatment under Title VII and § 1981. The analysis is the same for both. *See Fonseca v. Sysco Food Srvs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). Title VII disparate treatment claims are analyzed under the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (explaining the application of the *McDonnell Douglas* test). To succeed on a Title VII claim under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of discrimination. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007). If the plaintiff states a prima facie case, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). If the employer meets this

2

burden, the plaintiff must then show a triable issue of material fact as to whether the defendant's stated reason is "mere pretext for unlawful discrimination." *Hawn*, 615 F.3d at 1155. This burden is difficult to meet in cases where the same actor was responsible for both a plaintiff's promotion and subsequent adverse employment action. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996); *see also Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1097 (9th Cir. 2005) (requiring plaintiff to make an "extraordinarily strong showing of discrimination" to overcome the same-actor inference).

Assuming that Crudder states a prima facie case of discrimination, as the parties seem to concede, the district still prevails on its motion for summary judgment because it had a legitimate, non-discriminatory reason for delaying Crudder's promotion to principal. The district maintains that it had a duty to investigate sexual harassment claims raised against Crudder after he was recommended for the principal position. Crudder has produced no evidence to dispute the district's stated belief that the investigation was necessary, *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002), and he has not produced enough evidence to defeat the same-actor inference.

To show pretext, Crudder argues that the district's actual investigation was not conducted within five working days in accordance with district policy. But the

3

policy actually states that an investigation is to be completed within five working days "when possible." Given that the issue arose over a holiday break period and many individuals had to be interviewed, the investigation was completed expeditiously. No policy was violated. Further, even if this allegation is true, it would still fail to show that the district's investigation was pretext for *racial* discrimination, especially in a case raising the same-actor inference.

As an alternative theory of recovery for his disparate treatment claim, Crudder argues that another employee used Santarelli as a "cat's paw" for her racial animus toward Crudder. Assuming that it applies, this theory also fails. The record shows only that Haeussler reported the allegations to Santarelli and other administrators. Although she provided names of colleagues whom she believed might share her views of Crudder, she had nothing else to do with the fact-finding portion of the investigation. *See Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007) ("[I]f an adverse employment action is the consequence of an entirely independent investigation by an employer, the animus of the retaliating employee is not imputed to the employer."). Thus, the district court properly granted summary judgment to the district on Crudder's disparate treatment claims.

The district court also properly granted summary judgment dismissing Crudder's retaliation claims. To state a prima facie case for retaliation, a plaintiff

4

must demonstrate: (1) that he engaged in a protected activity; (2) that he was subject to an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *See Nilsson v. City of Mesa*, 503 F.3d 947, 953–54 (9th Cir. 2007). If the plaintiff makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its actions. *Id.* at 954. The plaintiff must then produce evidence that the employer's reason was a pretext. *Id.*

First, the district court properly concluded that the district's one-week delay in approving Crudder's promotion in May 2008, as well as the district's failure to publish a press release announcing Crudder's promotion, were not "adverse employment actions." *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). Second, we hold that the district had a legitimate, non-discriminatory reason for imposing the policy on Crudder. On this record, Crudder was the only administrator promoted despite a record of complaints from female subordinates. Warning Crudder that further complaints against him would not be tolerated, even though some prior complaints had not been sustained, was a legitimate action by

5

the district for a newly promoted administrator.  Crudder has produced no evidence that the district's legitimate reason was a pretext for a retaliatory motive.  *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 753 n.5 (9th Cir. 2001) ("Mere opinions and beliefs that [the employer's] actions were retaliatory, based on no specific or substantial evidence, are not enough to create a genuine issue of material fact on the issue of pretext.").

Finally, Crudder's § 1983 claim fails for the same reasons we explained above.  See *Keyser*, 265 F.3d at 754 (noting that, although the burden-shifting framework does not apply, "both disparate treatment and § 1983 claims require a showing of intentional discrimination" so that "summary judgment decisions with regard to § 1983 claims are remarkably similar to their Title VII counterparts"); *FDIC v. Henderson*, 940 F.2d 465, 471–72 (9th Cir. 1991) (upholding summary judgment for the employer on a § 1983 claim of intentional race discrimination where there was no showing that the employer's legitimate, non-discriminatory reasons for its actions were pretextual).

**AFFIRMED**.