**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIANA BAKER, | No. 12-16667 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00530-AWT |
| v. | |
| SOUTHWEST ENERGY SOLUTIONS, INC., an Arizona corporation and TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
A. Wallace Tashima, Senior Circuit Judge, Presiding

Argued and Submitted June 13, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Plaintiff Diana Baker appeals the district court's grant of summary judgment

for Defendants Southwest Energy Solutions, Inc., and Tucson Electric Power

Company in this employment discrimination case. Reviewing de novo a grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

summary judgment, <u>Johnson v. Poway Unified Sch. Dist.</u>, 658 F.3d 954, 960 (9th Cir. 2011), and for abuse of discretion the district court's denial of Plaintiff's motion for reconsideration, <u>Minn. Mut. Life Ins. Co. v. Ensley</u>, 174 F.3d 977, 987 (9th Cir. 1999), we affirm.

**1.** The district court did not err in granting summary judgment for Defendants.  Plaintiff pleaded four counts:  a sex discrimination claim, a race discrimination claim, and two retaliation claims.  She established a prima facie case of discrimination and retaliation with respect to the denial of overtime opportunities.  <u>Nilsson v. City of Mesa</u>, 503 F.3d 947, 953–54 (9th Cir. 2007); <u>Fonseca v. Sysco Food Servs. of Ariz., Inc.</u>, 374 F.3d 840, 850 (9th Cir. 2004). Defendants, however, proffered a legitimate, non-discriminatory and non-retaliatory reason for offering overtime opportunities to a co-worker:  He was more qualified for the job.  Plaintiff concedes that he performed better when both were tested on the front-end loader in 2008.  Plaintiff's conclusory statements fail to create a triable issue of fact as to whether Defendants' proffered reason is "unworthy of credence." <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 100 (2003) (internal quotation marks omitted).

**2.** Plaintiff failed to establish a prima facie case of discrimination or retaliation stemming from a denial of equal crane operator time.  First, the record

does not show significant differences between her crane operator time and that of similarly situated co-workers. Fonseca, 374 F.3d at 850. Second, there is no evidence that supervisors knew or should have known about alleged misrepresentations made on timesheets by her co-worker. Bains LLC v. Arco Prods. Co., 405 F.3d 764, 773–74 (9th Cir. 2005). And we decline to consider other incidents, such as alleged disciplinary discrepancies, that were not presented to the district court at summary judgment as adverse employment actions. Abogados v. AT&T, Inc., 223 F.3d 932, 937 (9th Cir. 2000). We also note that Plaintiff remains employed by Defendants.

**3.** The district court did not abuse its discretion in denying Plaintiff's motion for reconsideration. Defendants moved for summary judgment on all four counts of Plaintiff's first amended complaint and sought dismissal with prejudice of that entire complaint. Plaintiff thus was on notice to come forward with any evidence that might allow her to proceed to trial on any or all of her claims. United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008). Plaintiff identifies no plausible grounds for reconsideration. Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013).

**AFFIRMED.**