NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYOUNG H. KO, | No. 18-15700 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-06427-HRL |
| v. | |
| MEGAN J. BRENNAN, United States Postmaster General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding**

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Kyoung H. Ko appeals pro se from the district court's judgment dismissing

her employment action alleging federal claims. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  We affirm.

The district court properly dismissed Ko's action as barred by the settlement agreement because Ko failed to allege facts sufficient to find that the settlement agreement was not enforceable.  *See Nilsson v. City of Mesa*, 503 F.3d 947, 951-52 (9th Cir. 2007) (setting forth the factors involved in determining whether an agreement constitutes a waiver of rights); *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. State of California*, 618 F.3d 1066, 1073 (9th Cir. 2010) (no discernable difference between California and federal contract law).

The district court's consideration of the settlement agreement in the context of a motion to dismiss was proper because the document was incorporated by reference into the first amended complaint.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (district court may consider document incorporated by reference in the complaint "if the plaintiff refers extensively to the document").

**AFFIRMED.**