**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT C. WHITE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BARBARA M. BARRETT[*], Secretary,<br>United States Air Force,<br><br>Defendant-Appellee. | No. 18-55691<br><br>D.C. No. 2:16-cv-08875-PA-AGR<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 14, 2020[***]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Vincent C. White appeals pro se from the district court's summary judgment

in his employment action alleging violations of Title VII and the Age

---

[*]    Barbara M. Barrett has been substituted for her predecessor, Deborah James, as Secretary of the United States Air Force under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on White's disparate treatment and retaliation claims because White failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for not hiring him were pretextual. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888-91 (9th Cir. 1994) (setting forth *McDonnell Douglas* burden-shifting framework for a Title VII claim; explaining that the framework also applies to an ADEA claim); *see also Nilsson v. City of Mesa*, 503 F.3d 947, 953-55 (9th Cir. 2007) (setting forth requirements for retaliation claim).

The district court properly granted summary judgment on White's disparate impact claims because White failed to raise a genuine dispute of material fact as to whether defendant's facially-neutral employment practices had a significantly disproportionate impact on any protected class. *See Stout v. Potter*, 276 F.3d 1118, 1121-22 (9th Cir. 2002) (describing prima facie case of disparate impact).

The district court did not abuse its discretion by denying White's motion under Federal Rule of Civil Procedure 56(d) because White failed to comply with the requirements of Rule 56(d). *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (setting forth standard of

18-55691

review and requirements for a party seeking a continuance to conduct additional discovery essential to oppose summary judgment).

The district court did not abuse its discretion by denying White's motion for reconsideration because White failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration).

We reject as without merit White's contention that the district court should have entered a spoliation of evidence order.

**AFFIRMED.**