**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN PAUL DITKO,

        Plaintiff-Appellant,

v.

FABIANO COMMUNICATIONS, INC.,
DBA FabCom, an Arizona corporation,

        Defendant-Appellee.

No.   20-16855

D.C. No. 2:19-cv-04442-MTL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted November 15, 2021**
Phoenix, Arizona

Before:  CLIFTON, BRESS, and VANDYKE, Circuit Judges.

      Stephen Paul Ditko appeals pro se from the district court's summary

judgment in his employment discrimination action alleging violations of Title VII

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under [Fed. R. Civ. P.] 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The district court did not abuse its discretion by excluding exhibits that Ditko failed to disclose to the defendant in violation of Fed. R. Civ. P. 26(a)(1)(A)(ii). The failure to disclose was not shown to be "substantially justified or [] harmless." Fed. R. Civ. P. 37(c)(1).

We review the grant of summary judgment de novo. *France v. Johnson,* 795 F.3d 1170, 1171 (9th Cir. 2015). The district court properly granted summary judgment on Ditko's Title VII claims because Ditko failed to raise a genuine dispute of material fact as to whether the severance agreement that he signed was an invalid or unenforceable release of claims. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 (9th Cir. 2007) (explaining that a waiver of a federal right is valid if it is "voluntary, deliberate, and informed" (quoting *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir.1989))).

The district court properly granted summary judgment on Ditko's ADEA claim because even if it could be concluded that Ditko made a prima facie showing

2

of discrimination, Ditko failed to raise a genuine dispute of material fact as to whether the defendant's legitimate, non-discriminatory reasons for discharging him were pretextual. *See France*, 795 F.3d at 1173-75 (explaining burden shifting framework for analyzing an ADEA discrimination claim, and setting forth plaintiff's burden in raising a genuine dispute of material fact as to pretext); *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990) ("'[S]tray' remarks are insufficient to establish discrimination.").

We also reject as without merit Ditko's contentions regarding judicial bias. "To warrant recusal, judicial bias must stem from an extrajudicial source. A judge's prior adverse ruling is not sufficient cause for recusal." *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (quotation marks, citations, and brackets omitted). Ditko points only to the unfavorable ruling in this case and unsubstantiated allegations that the district court was "pro employer" to suggest the district court was biased. These reasons do not suffice.

Finally, as a separate and independent basis for affirming the district court, we note that Ditko failed to make specific arguments in his opening brief. Issues not argued in the opening brief are waived. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016).

**AFFIRMED**.

3