**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE TAITUAVE, | No. 22-55862 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01106-JVS-RAO |
| v. | |
| NEIL MCDOWELL, Warden, Warden, Ironwood State Prison, individual; F. ALVEREZ, Correctional Lieutenant for the Investigative Services Unit at I.S.P., individual; J. FRIAS, Correctional Sergeant for the Investigative Services Unit at I.S.P., individual; F. DUENAS, Correctional Sergeant for the Investigative Services Unit at I.S.P., individual; V. ROSSOLILLO, Correctional Officer for the Investigative Services Unit at I.S.P., individual; K. MESSERLI, Correctional Officer for the Investigative Services Unit at I.S.P., individual; C. BRIONES, Correctional Officer for the Investigative Services Unit at I.S.P., individual; D. COON, Correctional Officer for the Investigative Services Unit at I.S.P., individual; B. WILSON, Correctional Officer at I.S.P., individual; A. ALLEN, Correctional Officer at I.S.P., individual; R. STEELE, Correctional K-9 Officer for | MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Investigative Services Unit, individual; J. NAVARRO, Correctional K-9 Officer for the Investigative Services Unit, individual; M. VASQUEZ, Correctional Officer at I.S.P., individual; S. ABRIL, Correctional Lieutenant at I.S.P., individual; C. PIERCE, Correctional Captain at I.S.P., individual,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 2, 2024 [**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

California prisoner Mike Taituave appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action against personnel at Ironwood State Prison. We review de novo,[1] and we affirm.

Summary judgment was appropriate on Taituave's Fourth Amendment claim against Defendant Alvarez arising out of an unclothed visual body cavity search.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

*See* U.S. Const. amend. IV.  The record showed that the search was reasonable: it was conducted by a male guard,[2] was justified by the legitimate penological purpose of ensuring inmates possessed no contraband while they were held for the duration of the mass cell search operation,[3] and occurred in a location reasonably selected by prison authorities in light of their security needs.[4]  *See Bell v. Wolfish*, 441 U.S. 520, 558–60, 558 n.39, 99 S. Ct. 1861, 1884–85, 1884 n.39, 60 L. Ed. 2d 447 (1979); *Michenfelder*, 860 F.2d at 332–33.  The search reasonably furthered the prison authorities' legitimate penological purpose[5] of combating an increased incidence of contraband and illegal and dangerous activity in the prison.  Finally, the district court correctly rejected Taituave's attempts to manufacture genuine issues of material fact for this claim (and for his other claims) with a self-serving, factually-unsupported declaration that contradicted the rest of the record.  *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 & n.2 (9th Cir. 2007); *see also Scott v. Harris*, 550 U.S. 372, 380–81, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

---

[2] The mere presence of a female guard does not render the search unreasonable.  *See Michenfelder v. Sumner*, 860 F.2d 328, 333–34 (9th Cir. 1988).

[3] *Id.* at 332–33; *see also Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328, 132 S. Ct. 1510, 1517, 182 L. Ed. 2d 566 (2012).

[4] *Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997).

[5] *Thompson*, 111 F.3d at 700; *Florence*, 566 U.S. at 327–28, 132 S. Ct. at 1516–17.

Summary judgment was likewise appropriate on Taituave's Eighth Amendment claims arising from (1) his confinement in a prison van for 30–60 minutes (made against Defendants Alvarez and Wilson) and (2) his confinement in a prison visiting room for about five hours (made against Defendants Wilson, Alvarez, and Allen). *See* U.S. Const. amend. VIII. The record shows there was no dispute that the conditions in the van did not "create[] harm at the required levels" for purposes of the Eighth Amendment. *Norbert v. City & County of San Francisco*, 10 F.4th 918, 935 (9th Cir. 2021). Also, there is no evidence that Taituave or other inmates experienced heat-related illness. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *cf. Johnson v. Lewis*, 217 F.3d 726, 731–32 (9th Cir. 2000).

The record also supports the district court's conclusion that there was no evidence that Defendants Wilson, Allen, or Alvarez[6] "were aware of [a] substantial risk" to Taituave while he was held in the visiting room. *Lemire*, 726 F.3d at 1078; *cf. Hope v. Pelzer*, 536 U.S. 730, 738, 122 S. Ct. 2508, 2514–15, 153 L. Ed. 2d 666 (2002) (describing circumstances amounting to substantial risk of physical harm). Upon request, inmates were allowed to use the restroom, meet with medical

---

[6] It is undisputed that Alvarez was not present in the visiting room. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

personnel, and have their handcuffs temporarily removed. *See Farmer v. Brennan*, 511 U.S. 825, 834, 845, 114 S. Ct. 1970, 1977, 1983, 128 L. Ed. 2d 811 (1994). On this record, that was reasonable.[7]

Because there was no underlying constitutional violation, we also affirm the summary judgment in favor of Defendants McDowell, Frias, and Duenas. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[7] Assuming that Taituave asserted an Eighth Amendment excessive force claim, summary judgment was also appropriate on that claim because there was no evidence that any officer had applied force to him "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).