**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY RAY PATRICK, | No. 09-35530 |
| Plaintiff - Appellant, | D.C. No. 6:08-CV-00275-AA |
| v. | |
| GREG MARTIN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Timothy Ray Patrick, an Oregon state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging violations of his

Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Galen v. County of Los Angeles*, 477 F.3d 652, 658

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2007) (summary judgment based on qualified immunity); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)), and we affirm.

The district court properly granted summary judgment on qualified immunity grounds on the deliberate indifference claim because Patrick failed to raise a triable issue as to whether defendant, a correctional officer, informed other inmates that Patrick was a snitch or sent an inmate to attack Patrick. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (discussing deliberate indifference standard); *Rodriguez v. Maricopa County Cmty. College Dist.*, 605 F.3d 703, 711 (9th Cir. 2010) (a defendant is entitled to qualified immunity if there is no constitutional violation); *see also Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (a conclusory affidavit unsupported by facts is insufficient to raise a triable issue).

The district court properly dismissed the sexual harassment claim based on defendant's comments to Patrick, because verbal harassment is insufficient to state a section 1983 claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Patrick's remaining contentions are unpersuasive.

**AFFIRMED.**